## SOVEREIGN CAMP, W. O. W., v. GORDON.

### No. 12871.

Court of Civil Appeals of Texas. Fort Worth.

July 1, 1933.

Rehearing Denied July 22, 1933.

Lightfoot & Robertson, of Fort Worth, and Rainey T. Wells, of Omaha, Neb., for appellant.

Mike E. Smith and Ratcliff & Christian, all of Fort Worth, for appellee.

LATTIMORE, Justice.

The beneficiary of a death certificate was informed by the financial secretary of the local lodge of appellant fraternal benefit society that no liability existed on such certificate. She employed appellee to represent her in collecting same, and he undertook the case; she assigning him one-fourth thereof if recovery was without suit.

Thereafter appellant paid the entire claim to the beneficiary, and suit below was for such one-fourth on the allegation that appellant knew of such assignment. Trial was before the court and judgment was rendered for the plaintiff.

The copy of a letter claimed to have been written by appellee to appellant, stating therein that he had said assignment, should not have been admitted in evidence. No predicate was laid therefor by demand for the original and no opportunity was given the appellant to produce the original. It is therefore unnecessary for us to pass on the circumstances indicating such letter was not mailed.

Appellee notified the financial secretary of the local lodge of the assignment, and prior

to the delivery of the proceeds of the policy to the wife Trinidad, the financial secretary read the written assignment.

The secretary had the duty to assist in making proofs of death, notify the appellants who were entitled to the proceeds, and deliver such proceeds to the parties entitled to same as determined by the appellant, and was the only representative in such matters of appellant in the city where these transactions took place.

■ The notice to him of the assignment was notice to appellant. Supreme Lodge, K. of P., v. Withers, 177 U. S. 260, 20 S. Ct. 611, 44 L. Ed. 762; Home Forum v. Varnado (Tex. Civ. App.) 55 S. W. 364; Calhoun v. The Maccabees (Tex. Com. App.) 241 S. W. 101.

The appellee in presenting the claim as attorney for the named beneficiary was directed by appellant to "take the matter up directly" with said secretary. Sovereign Camp, W. O. W., v. Miller (Tex. Civ. App.) 220 S. W. 635.

We have examined all assignments, most of them complaining of findings of fact by the trial court. The evidence is sufficient to justify those findings. Each assignment is overruled.

The judgment of the trial court is affirmed.

DUNKLIN, J., not sitting.